```
VERNON C. GOINS II (SBN 195461)
BRIAN K. HILLIARD (SBN 244193)
TAYLOR, GOINS & STALLWORTH LLP
1330 Broadway, Suite 1701
Oakland, CA 94612
Telephone:    (510) 893-9465
Facsimile:    (510) 893-4228

Attorneys for Plaintiff
SYLVESTER BURKS
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND)

| | |
|---|---|
| SYLVESTER BURKS, an individual,<br><br>    Plaintiff,<br><br>VS.<br><br>JOHN FULLARD, an individual,<br><br>    Defendant. | No. 07-cv-05482-CW<br><br>**CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT** |

Plaintiff SYLVESTER BURKS ("Plaintiff"), submits his Case Management Statement and Rule 26(f) report as follows:

### DESCRIPTION OF THE CASE

**1. A brief description of the events underlying the action:**

In or about 1999, Plaintiff and Defendant entered into a partnership agreement. By the terms of the agreement, Defendant was responsible for promoting and marketing Plaintiffs'

1

musical teaching programs and musical works. As payment for his services, Defendant was to receive a percentage of the overall proceeds realized as a result of his marketing and promotion of Plaintiff's works.

Shortly after execution of the agreement, Defendant began promoting and marketing Plaintiff's teaching videos on the Website. Additionally, Defendant circulated Plaintiff's musical works at all of the major religious universities across the country.

In or around 2001, the partnership between Plaintiff and Defendant was dissolved. At the time the partnership ended, Defendant was to return any and all musical works and teaching programs to Plaintiff. Defendant was prohibited from marketing, promoting, or collecting proceeds from any of Plaintiff's musical works and teaching programs.

From 1999 to the date of this complaint, Plaintiff has only received $3,400 from Defendant in proceeds from the sale of Plaintiff's musical works and teaching programs. Defendant alleges that no other proceeds have been received by him since the $3,400 payment, and in fact, Plaintiff owes Defendant money for promotion expenses.

At no time after 2001 did Plaintiff grant permission to Defendant to sell Plaintiff's musical works or teaching programs in any medium. Plaintiff is informed and believes that Defendant has realized substantial proceeds been from the sale of Plaintiff's musical works and teaching programs after the partnership with Defendant was dissolved in 2001.

**2. The principal factual issues which the parties dispute**

The principal factual issues which the parties dispute include, but are not limited to, the following: (1) whether defendant improperly used plaintiff's trade dress with respect to his musical works and teaching programs; (2) whether defendant distributed plaintiff's musical works and teaching programs in competition with plaintiff; (3) whether defendant's sale of plaintiff's musical works diluted plaintiff's famous mark; (4) whether defendant committed false advertising in promoting the musical works of plaintiff; (5) whether defendant has used plaintiff's name and likeness without permission; (6) whether the agreement entered into

between plaintiff and defendant was dissolved in or around 2001; and (7) whether any conduct on the part of defendant has caused plaintiff to suffer any harm or damage.

3.  **The legal issues which the parties dispute:**

The following legal issues are currently the subject of dispute:

(1) whether plaintiff may state a claim for trade dress infringement; (2) whether plaintiff may state a claim for unfair competition; (3) whether plaintiff may state a claim for dilution of trademark; (4) whether plaintiff may state a claim for false advertising; (5) whether plaintiff may state a claim for misappropriation of plaintiff's name and likeness; (6) whether plaintiff may state a claim for unfair competition and false advertising in violation of Business and Professions Code Section 17200; (7) whether plaintiff may state a claim for accounting and disgorgement; (8) whether plaintiff may state a claim for injunctive relief; (9) whether plaintiff may state a claim for violation of right of publicity; and (10) whether plaintiff may state a claim for violation of California Civil Code Section 3344.

4.  **The other factual issues which remain unresolved for the reasons stated below and how the parties intend to resolve those issues.**

5.  **The Parties which have not been served and the reasons:**

Since the beginning of the year, the parties, through their respective counsel, have been attempting to informally resolve this dispute. Plaintiff's reserved service of the complaint on defendant Fullard for as long as he could before the 120 day time limit was reached for service. Plaintiff is now diligently attempting to serve defendant Fullard, but has had extensive difficulty in locating him for such service. Personal service through an agency is currently still underway. Defendant's counsel has indicated that he would not be able to accept service on behalf of his client.

6.  **The additional parties which the below specified parties intend to join and intended time frame for such joinder.**

None at this time.

3

7. **The following parties consent to assignment of this case to a United States Magistrate Judge for [court or jury] trial:**

None.

## ALTERNATIVE DISPUTE RESOLUTION

8. The parties have been attempting to resolve this dispute since the beginning of the year. Plaintiff is ready, willing, and able to attend mediation as early as possible. The parties have discussed alternative dispute resolution, and the opportunity appears to be preferred by the defendant.

9. **Please indicate any other information regarding ADR process or deadline:**

None at this time.

## DISCLOSURES

10. **Plaintiff certifies that they have made the following disclosures**

The parties have engaged in informal resolution and have exchanged information regarding the sale of musical works and alleged profits and/or losses from the sale of the musical works. Plaintiff has been unable to find defendant for service, however, the parties have disclosed limited information. Plaintiff is including the un-served prepared initial disclosure attached hereto as "Exhibit A".

## DISCOVERY

11. **Plaintiff anticipates the following discovery plan:**

Discovery has not yet commenced. Plaintiff will use written discovery including interrogatories, requests for production, document subpoenas and request for admissions. All interrogatories, requests for production, document subpoenas and requests for admissions will be propounded so that all responses to such discovery will be due as required under Federal Rules of Civil Procedure.

///

## TRIAL SCHEDULE

12. **The parties anticipate trial date as follows:**

Plaintiff anticipates a trial date no later than March 2009.

13. **The parties expect that the trial will last for the following number of days:**

Three days.

## RULE 26(f) REPORT

1. **What changes will be made in the timing, form, or requirements for disclosure under Rule 26(f):**

Plaintiff anticipates that once Defendant has been successfully served, Defense counsel will desire a more substantial initial disclosure that comports with his clients information regarding this case.

2. **The subjects on which discovery may be needed, when discovery should be completed and whether discovery should be conducted in phases or be limited to or focused on particular issues:**

Discovery will be taken regarding the agreement between plaintiff and defendant, the accounting of monies earned by defendant, and the number of units sold to the general public. Non-Expert discovery will be completed by November 2008. The Plaintiff anticipates discovery by means of interrogatories, requests for production, requests for admissions, document subpoenas, and depositions.

3. **What changes should be made in the limitation on discovery imposed under the rules and what other limitations should be imposed:**

The Plaintiff does not anticipate any changes at this time.

4. **Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).**

None at this time.

Dated: February 26, 2008

TAYLOR, GOINS & STALLWORTH LLP

_____
BRIAN K. HILLIARD
Attorneys for Plaintiff
SYLVESTER BURKS

**EXHIBIT A**

VERNON C. GOINS II (SBN 195461)
BRIAN K. HILLIARD (SBN 244193)
TAYLOR, GOINS & STALLWORTH LLP
1330 Broadway, Suite 1701
Oakland, CA 94612
Telephone:   (510) 893-9465
Facsimile:    (510) 893-4228

Attorneys for Plaintiff
SYLVESTER BURKS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

## (OAKLAND)

| | |
|---|---|
| SYLVESTER BURKS, an individual, | Case No 07-cv-05482-CW |
| Plaintiff, | |
| vs. | PLAINTIFF'S INITIAL DISCLOSURE |
| JOHN FULLARD, an individual, and DOES 1 through 10, inclusive, | |
| Defendant(s). | |

      Pursuant to FRCP Rule 26(a), plaintiff Sylvester Burks. ("Plaintiff") hereby submits the following initial disclosure:

1. <u>Potential Witnesses</u>

      (a)    Potential witnesses have not been discussed between the parties. We are in the process of determining all of the parties involved.

1

2. <u>Potential Documents</u>

(a) Documents relating to Plaintiff's registration and use of the subject trade and service marks;

(b) Documents relating to Defendants sale of Plaintiff's musical works.

(c) Documents relating to any profits or losses for Defendant regarding Plaintiff's musical works;

(e) Additional documents related to the Services Agreement purportedly executed by Plaintiff and Defendant in 1999;

3. <u>Damages and Computation</u>:

Through meet and confer discussions with Defendant's counsel, we are in the process of determining the damages associated with the sale of Plaintiff's musical works. Defendant has posited that there is a loss with relation to the sale of the musical works, and no profit was earned. Our meet and confer process is ongoing, and before completion, a complete understanding of the damages will be fully determined.

4. <u>Additional Matters</u>:

We are in the process of determining the resolution of this matter. Counsel has met and conferred regarding the resolution, and has performed an informal exchange of account information for the proceeds from sale of Plaintiff's musical works. Both counsel have the understanding that the parties could reach a mutual agreement before substantive work is performed in this matter.

Dated: January 15, 2008          TAYLOR, GOINS & STALLWORTH LLP

_____
BRIAN K. HILLIARD
Attorneys for Plaintiff
SYLVESTER BURKS